**HARLEY–DAVIDSON, INC., Plaintiff,**

v.

**SELECTRA INTERNATIONAL DESIGNS, LTD.,
Defendant.**

Civ. A. No. 93–C–0302.

United States District Court,
E.D. Wisconsin.

Aug. 12, 1994.

Dyann L. Bumpke, Jonathan H. Margolies, Michael Best & Friedrich, Milwaukee, WI, for plaintiff.

Jeffrey E. Jacobson, Jacobson & Colfin, New York City, Alfred R. Mosiello, New York City, James F. Boyle, Nilles & Nilles, Milwaukee, WI, for defendant.

## DECISION AND ORDER

REYNOLDS, District Judge.

On June 15, 1994, the court granted summary judgment for Harley–Davidson, Inc. ("Harley–Davidson"), on its claim against defendant Selectra International Designs, Ltd. ("Selectra"), for trademark infringement, 855 F.Supp. 275. With respect to damages, the court found that Selectra sold $1,483,754 worth of infringing goods, and that Selectra had failed to meet its burden of proving "all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). Selectra's profits were therefore deemed to be the same as its sales, and this amount was tripled pursuant to 15 U.S.C. § 1117(b), resulting in an award of $4,451,262. Harley–Davidson was directed to file a motion for attorney's fees and a proposed judgment.

These were filed on June 21, 1994, but the proposed judgment created a wrinkle because it added as a defendant a person who had not previously been one, Selectra's owner, Alfred Mosiello ("Mosiello"). Although Harley–Davidson on December 3, 1993, was granted leave to file an amended complaint adding Mosiello as a defendant, he had not yet been served. When Selectra objected to the proposed judgment on this ground, Harley–Davidson undertook to have Mosiello served, and service was effected on July 26, 1994, more than a month after the court's summary judgment decision. Mosiello then filed a motion to dismiss, contending that the amended complaint had been filed in October 1993, along with Harley–Davidson's motion to amend, and that he had therefore been served in violation of Rule 4(m), which requires that service be made within 120 days of the filing of the complaint (or in this case the amended complaint).

In fact, however, although Harley–Davidson's brief in support of its October 12, 1993 motion to amend references "an Amended Complaint in the form submitted herewith," the court's records show that an amended complaint did *not* accompany the motion. Instead, the amended complaint was filed for the first time on June 27, 1994, after Selectra filed its objection to Harley–Davidson's proposed judgment. Because Mosiello was served a month later, the time limit set forth in Rule 4(m) was not exceeded.

The problem remains, however, that Mosiello had not been served, indeed even named as a defendant, at the time the court rendered its summary judgment ruling, which means that the court did not have personal jurisdiction over him and that the ruling therefore did not bind him personally, regardless of how familiar he may have been with the proceedings in the case. *Mid–Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir.1991). Furthermore, although Harley–Davidson insists that the record unquestionably establishes Mosiello's personal liability notwithstanding Selectra's corporate status, no evidence or argument specifically directed to this issue has yet been submitted. The court therefore cannot enter judgment against Mosiello on the basis of the June 15, 1994 order.

But the story does not end there. On July 20, 1994, Selectra, now represented by new counsel, filed a motion for reconsideration of the court's ruling on damages. Selectra contends that the ruling vastly overstates its profits from the sale of infringing goods and that this is established by a combination of evidence that was in the record at the time of the ruling or was not in the record but had been produced during discovery (e.g., tax returns) or had not been produced but could be. Normally, none of this would justify reconsideration, because all of it could have been presented to the court before. But this case is unusual because each party, for different reasons, wants something that would delay the entry of judgment: Selectra wants another chance to rebut Harley–Davidson's proof of damages, and Harley–Davidson wants to pursue a claim against Mosiello, which in effect will require the action to begin anew, since Mosiello cannot be held liable on the basis of rulings made before he became a defendant.

The court therefore will grant Selectra's motion for reconsideration of the summary judgment ruling on damages and will vacate that ruling. Selectra does not seek reconsideration of the ruling on liability, and so that ruling will stand. Harley–Davidson, in turn, will be granted additional time to establish its claim against Mosiello. Among other things, this will require a response to the contentions raised in Mosiello's August 5, 1994 motion to dismiss for lack of personal jurisdiction and improper venue.

IT IS THEREFORE ORDERED that Harley–Davidson's June 21, 1994 motions for entry of judgment and for an award of attorney's fees are DENIED.

IT IS FURTHER ORDERED that Selectra's July 20, 1994 motion for reconsideration is GRANTED and Part II.B. of the court's June 15, 1994 Decision and Order (concerning remedy) is VACATED.

IT IS FURTHER ORDERED that Selectra's July 20, 1994 motion to permit Jeffrey Jacobson and Jacobson & Coflin, P.C., to withdraw as its counsel of record is GRANTED.

IT IS FURTHER ORDERED that Selectra's August 5, 1994 motion to dismiss for insufficiency of service of process pursuant to Rules 4(m) and 12(b)(5), Fed.R.Civ.P., is DENIED. This order does not affect Selectra's August 5, 1994 motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Rules 12(b)(2) and (3), Fed. R.Civ.P., to which Harley–Davidson shall respond in accordance with Local Rule 6.01(b).

IT IS FURTHER ORDERED that any additional requests for discovery shall be served by a date sufficiently early so that all discovery in this case can be completed no later than September 5, 1994.

IT IS FURTHER ORDERED that all dispositive motions shall be served and filed on or before September 19, 1994.

IT IS FURTHER ORDERED that this case will be called for trial at 10:00 a.m. on Tuesday, December 13, 1994.